1   MESCH, CLARK & ROTHSCHILD, P.C.
2   259 North Meyer Avenue
    Tucson, Arizona 85701
3   Phone:   (520) 624-8886
    Fax:     (520) 798-1037
4   Email: ecfbk@mcrazlaw.com
            ploucks@mcrazlaw.com
5   By:     Melvin C. Cohen, # 3728
            Paul A. Loucks, # 19880
6           73032-14/kw
7   Attorneys for The Parsons Company, Inc.
                    AND
8   THE KEATING LAW FIRM, PLC
9   7702 East Doubletree Ranch Rd., Suite 300
    Scottsdale, Arizona 85258-2132
10  Phone:   (480) 510-0250
    Fax:     (480) 553-8640
11  Email:   krk@keatingfirm.com
    By:      Kevin R. Keating, # 12216
12  Attorneys for the Walkers

13              UNITED STATES BANKRUPTCY COURT
                    DISTRICT OF ARIZONA
14

15  In re                                   Chapter 11 Proceeding

16  NILES LIPIN,                            Case Nos.    2-11-bk-26500-GBN
    MARIE PIERRON,                                       2-11-bk-26502-GBN
17                                                       **(Jointly Administered)**
                            Debtors.
18  _____
    This Filing Applies to:
19
    ☒   All Debtors
20  ☐   Specified Debtors

21  THE PARSONS COMPANY, INC. and
    THE ESTATE OF ROBERT WALKER and         **Adv. No.**
22  EVE WALKER,

23                          Plaintiffs,     **COMPLAINT TO DISALLOW, OR IN THE**
    vs.                                     **ALTERNATIVE, SUBORDINATE AWD**
24                                          **FARMS' CLAIM**
    NILES LIPIN, MARIE PIERRON and AWD
25  FARMS, L.L.C.,

26                          Defendants.

**PARTIES AND JURISDICTION**

1.    Debtor Niles Lipin ("Lipin") filed his voluntary petition under Chapter 11 of the Bankruptcy Code on September 16, 2011.

2.    Debtor Marie Pierron ("Pierron") filed her voluntary petition under Chapter 11 of the Bankruptcy Code on September 16, 2011.

3.    Lipin and Pierron's bankruptcy cases were consolidated for joint administration on October 19, 2011.

4.    AWD Farms, L.L.C. ("AWD Farms") is listed as a creditor of Lipin and Pierron, jointly and severally, of a claim in the amount of $12,686,153.97.

5.    Plaintiffs are judgment creditors and parties in interest.

6.    This Court has jurisdiction over the subject matter of this Complaint as a core proceeding pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(B) and (O), and 11 U.S.C. §§ 510 and 548.  The Debtors' cases are pending in the District of Arizona, and venue is Phoenix, Arizona is proper pursuant to 28 U.S.C. § 1408 and 1409.

**FACTUAL ALLEGATIONS**

7.    Upon information and belief, the Debtors were at all material times acting for and on behalf of themselves.

8.    On or about September 20, 2002, AWD Ranch, LLC ("AWD Ranch"), Desert Plants Conservancy, LLC ("DPC"), and AWD Farms entered into an agreement (the "Partnership Agreement").  (*See Agreement, attached hereto as Exhibit 1.*)

9.    Lipin is the sole member and manager of AWD Ranch.

10.    Pierron is the sole member and manager of DPC.

11.    Neither Lipin nor Pierron signed the Partnership Agreement individually; instead, each signed only in their capacity as members of AWD Ranch and DPC, respectively.  (*See Exhibit 1.*)

2

1      12.     Under the Partnership Agreement, AWD Ranch, DPC, and AWD Farms

2  formed an association to carry on a for-profit business.  (*See Exhibit 1.*)

3      13.     The money that AWD Farms provided AWD Ranch and DPC under the

4  Partnership Agreement was an investment in AWD Ranch and DPC.

5      14.     On or about December 1, 2008, AWD Farms filed a breach of contract

6  complaint (the "AWD Farms Complaint") against AWD Ranch, DPC, Lipin, and Pierron,

7  alleging that they had entered into the Partnership Agreement in 2002 and, in accordance

8  with the Partnership Agreement, AWD Farms had "invested" over $1,600,000 in AWD

9  Ranch and DPC.  (*See AWD Farm's Complaint, attached hereto as Exhibit 2.*)

10     15.     On or about December 24, 2008, AWD Ranch, DPC, Lipin, and Pierron

11  answered and admitted that the allegations in the AWD Farms Complaint were true.  (*See*

12  *AWD, DPC, Lipin, and Pierron's Answer, attached hereto as Exhibit 3.*)

13     16.     On or about July 31, 2009, AWD Farms, AWD Ranch, DPC, Lipin, and

14  Pierron stipulated to entry of a joint and several judgment against them and in favor of

15  AWD Farms in the amount of $1,800,000 (the "Stipulated Judgment").  (*See Stipulated*

16  *Judgment, attached hereto as Exhibit 4.*)

17     17.     Lipin and Pierron both signed the Stipulated Judgment in their individual

18  capacities and as representatives of AWD Ranch and DPC, respectively.  (*See Exhibit 4.*)

19     18.     On or about August 4, 2009, AWD Farms, AWD Ranch, DPC, Lipin, and

20  Pierron entered into a Judgment Satisfaction Agreement.  (*See Judgment Satisfaction*

21  *Agreement, attached hereto as Exhibit 5.*)

22     19.     Lipin and Pierron each signed the Judgment Satisfaction Agreement only as

23  representatives of AWD Ranch and DPC, respectively.  (*See Exhibit 5.*)

24     20.     On or about August 5, 2009, AWD Farms, AWD Ranch, DPC, Lipin, and

25  Pierron executed a Supplement to the Judgment Satisfaction Agreement.  Pursuant to this

26  Agreement, AWD, DPC, Lipin, and Pierron agreed to pay jointly and severally the sum of

3

$11,100,000 to AWD Farms, in addition to the Stipulated Judgment amount of $1,800,000. (*See Supplement to Judgment Satisfaction Agreement, attached hereto as Exhibit 6.*)

21.     AWD Farms has garnished Pierron's post-petition wages in accordance with the Judgment Satisfaction Agreement and its Supplement.  Debtors have been made aware of this issue, allowed it, and have not sought turnover of the funds.  (*See Pierron's Monthly Operating Reports, Dk. #39 and Dk. #47; November 21, 2011 Email from Parsons' counsel Paul Loucks to Debtors' counsel Michael Berg, attached hereto as Exhibit 7.*)

## COUNT ONE

### DISALLOWANCE OF AWD FARMS' CLAIMS

21.     Plaintiffs reallege and reincorporate by this reference all the allegations contained in this Complaint as if fully set forth herein.

22.     Lipin and Pierron were not parties to the Partnership Agreement that formed the basis for AWD Farms' Complaint.  (*See Exhibit 1.*)

23.     Neither Lipin nor Pierron had any personal liability for the damages set forth in the Stipulated Judgment or the Judgment Satisfaction Agreement and its Supplement.

24.     The Stipulated Judgment and the Judgment Satisfaction Agreement and its Supplement were not founded upon any real debt owed by Lipin and Pierron, they were obtained by collusion of Debtors and AWD Farms, and they are not legally enforceable against the Debtors.

25.     In the absence of any legitimate debt owed by Lipin and Pierron, AWD Farms' claims arising from the Stipulated Judgment and the Judgment Satisfaction Agreement and its Supplement should be disallowed.

## COUNT TWO

### FRAUDULENT CONVEYANCE

26.     Plaintiffs reallege and reincorporate by this reference all the allegations contained in this Complaint as if fully set forth herein.

4

27.     The Stipulated Judgment and the Judgment Satisfaction Agreement and its Supplement each constitute a "transfer" under A.R.S. § 44-1001(9) and 11 U.S.C. § 101(54).

28.     Lipin and Pierron voluntarily stipulated to the debts allegedly owed to AWD Farms under the Stipulated Judgment and the Judgment Satisfaction Agreement and its Supplement.  Lipin, Pierron, and AWD Farms each acted with actual intent to hinder, delay, or defraud Lipin's and Pierron's other creditors, including Plaintiffs.

29.     Lipin and Pierron did not receive any value in exchange for their agreement to stipulate to the entry of the Stipulated Judgment and the Judgment Satisfaction Agreement and its Supplement in favor of AWD Farms, which they intended to and knew would result in a joint and several debt beyond their ability to pay.

30.     The Stipulated Judgment and the Judgment Satisfaction Agreement and its Supplement constitute fraudulent transfers under A.R.S. § 44-1004 and 11 U.S.C. § 548(a).

<u>**COUNT THREE**</u>

**EQUITABLE SUBORDINATION OF AWD FARMS' CLAIM**

31.     Plaintiffs reallege and reincorporate by this reference all the allegations contained in this Complaint as if fully set forth herein.

32.     If this Court allows AWD Farms' claim against Lipin and Pierron, for any reason and despite the fact that no legitimate debt is owed by them, then this AWD Farms' claim should be subordinated to the payment of other unsecured creditors, pursuant to 11 U.S.C. § 510(c).

33.     AWD Farms is an insider of the Debtors by virtue of its status as a general partner of Debtors Lipin and Pierron under the Partnership Agreement. *See* 11 U.S.C. § 101(31)(A)(iii).

5

34.     AWD Farms engaged in inequitable conduct by entering into the Stipulated Judgment and the Judgment Satisfaction Agreement and its Supplement with Lipin and Pierron because no legitimate debt was owed to AWD Farms by Debtors.

35.     AWD Farms also engaged in inequitable conduct when it garnished Pierron's post-petition wages in violation of 11 U.S.C. § 362 and did not return the funds to the estate.

36.     Upon information and belief, Debtors and AWD Farms continue to act inequitably in this respect.

37.     AWD Farms' inequitable conduct resulted in injury to all the unsecured creditors of Debtors, and conferred an unfair advantage on AWD Farms. If not subordinated, AWD Farms' debt would substantially reduce distributions to all other non-insider unsecured creditors.

38.     Equitable subordination of AWD Farms' claim is consistent with the provisions of the Bankruptcy Code.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment as follows:

1)     Disallow AWD Farms' claim in its entirety; or

2)     In the alternative, equitably subordinating AWD Farms' claim to the claims of all other non-insider unsecured creditors.

3)     For such other relief as the Court deems proper.

DATED:  December __16__, 2011.

MESCH, CLARK & ROTHSCHILD, P.C.


By __/s/Paul Loucks, #19880_____
    Melvin C. Cohen
    Paul A. Loucks
    Attorneys for the Parsons Company, Inc.

- AND -

6

THE KEATING LAW FIRM, PLC


By /s/Paul Loucks, #19880 _with permission_
   Kevin R. Keating
   Attorney for the Walkers

Copy mailed/e-mailed December  16  , 2011, to:

Chris D. Barski
Barski Drake PLC
14500 N. Northsight Blvd., Ste 200
Scottsdale, AZ 85260
cbarski@barskidrake.com
_Attorneys for Debtors_

Michael W. Berg
Law Offices of Michael W. Berg
8426 E. Shea Blvd.
Scottsdale, AZ 85260
mwb@mwberglaw.com
_Attorneys for Debtors_

Becky Cholewka
CHOLEWKA LAW
207 North Gilbert Road, Ste 007
Gilbert, AZ  85234
becky@gilbertlawoffice.com
_Attorney for AWD Farms_


  /s/Deborah Elkins

344427

# EXHIBIT 1



## Agreement and Note for Repayment

The members and/or principles of AWD Farms, LLC agree to help fund the general business plan with humanitarian benefits of Niles Lipin and Marie (Mimi) Pierron. All of the monies/assets supplied towards the development and operation of the farm, nursery, ranch, and conservancy, or any other activities herein to be (the general activities conducted on sections 20 and 30, whose legal descriptions comprise this document's addendum) are to be paid back by either income from the AWD Farms projects or Niles Lipin and/or AWD Pierron and/or AWD Ranch/Desert Plants Conservancy. These monies and/or assets are owed until paid back in full, without interest through July 31, 2007. Any monies or assets not fully paid back will begin to earn interest at the then prevailing determined month's prime rate as of August 1, 2007 and the first of each month thereafter computed then as simple annual interest.

Niles Lipin and Mimi Pierron agree to repay any shortfalls in the expenses of AWD Farms in general activities from any future monies received beyond their regular ordinary income if after three years at least 50% of AWD Farms expenses are not recovered. After three years, Niles Lipin also agrees to refinance his home and remove as much monies from its equity as possible for repayment to AWD Farms or its assignee. Niles Lipin agrees to allow space in his home to be used as offices for AWD Farms without charge.

The amount of total expense owed to AWD Farms shall include three years of gross operating costs. These monies shall remain the sole property of AWD Farms and shall not be considered profits when earned. Niles Lipin's and Mimi Pierron's obligations for repayment shall not include these three years of operating reserves and they shall have no rights to them as earned income.

Niles Lipin and Mimi Pierron shall each receive one-fourth of the net income of the general activities after all expenses and reserves are paid in full.

Niles Lipin agrees to work in various capacities within the development and general activities for an average of 20 hours per week as needed and until AWD Farms is paid in full, as per above.

Mimi Pierron agrees to work in various capacities within the development and general activities for an average of 30 hours per week as needed and until AWD Farms is paid in full as per above. She will regularly operate the offices within Niles Lipin's house.

Neither Niles Lipin or Mimi Pierron is considered an employee or independent contractor. Each is doing so as a co-investor towards future net profits. Should either fail in these obligations, each may lose proportional amounts of net future profits and/or may be liable for payments to AWD Farms, at its discretion, the cost of replacing their labors at a rate not less than $40 per hour plus the cost of offices if Niles's house is unavailable for such.

Niles Lipin has agreed to contribute farm and ranch equipment equaling about $140,000 including interest and paid over 5 years. Both Niles Lipin and Mimi Pierron are contributing, as needed, over $100,000 in supplies (about $50,000 each) from consumer credit they have with Home Depot and Lowes. These monies and supplies do not reduce the amounts owed to AWD Farms.

Confidential

1

AWD/12770

## Agreement and Note for Repayment

All monies and/or assets paid to AWD Farms or to its assignee remain the property of AWD Farms and/or its assignee. AWD Farms has the right to allocate any funds or assets to other business entities at its discretion. Niles Lipin and Mimi Pierron may have little or no interest or rights within these business interests and it is even likely they will have none whatsoever. The payments into these other businesses shall not bestow any rights to profit, membership, or any other legal position in relationship to them. Any payments of income from other businesses or assets to Niles Lipin or Mimi Pierron shall have no effect and create no other rights within this agreement.

All expenses and costs for all development and general activities until repaid in full shall be the sole deduction of AWD Farms for any and all tax purposes. Niles Lipin and Mimi Pierron agree to not use any such deductions, provided it is legal to do so, on any of their tax returns until such time as they are earning net income from the general activity profits.

Niles Lipin and Mimi Pierron for AWD Ranch and Desert Plants Conservancy, respectively, each agree to not encumber their parcels of sections 20 and 30 with any liens and to keep the titles free to be loaned against. Each agrees to allow these parcels to be loaned against as needed at AWD Farms' discretion for the purpose of raising necessary loans in the operation of all general activities. These loans may include the refinancing of one or both of the parcels of each section. At no time may AWD Ranch or Desert Plants Conservancy create a legal impediment to AWD Farms' lease nor create a legal liability for AWD Farms.

| | |
|---|---|
| _Niles Lipin_ 9/20/02 | _Loraine Kesselring_ 9-20-02 |
| Niles Lipin, Member    Date | Loraine Kesselring, Member    Date |
| AWD Ranch, LLC | AWD Farms, LLC |
| | |
| _Marie (Mimi) Pierron_ 9-20-02 | _Virginia Greenhalgh_ 9-20-02 |
| Marie (Mimi) Pierron, Member    Date | Virginia Greenhalgh, Member    Date |
| Desert Plants Conservancy, LLC | AWD Farms, LLC |
| | |
| | _Kathy Claypatch_ 9/20/92 |
| | Kathy Claypatch, Member    Date |
| | AWD Farms, LLC |
| | |
| | _Celeste Cockrell_ 9/20/02 |
| | Celeste Cockrell, Member    Date |
| | AWD Farms, LLC |

2

AWD/12771

**Addendum to Agreement and Note for Repayment**

*AWD Ranch, LLC is described as:*

The East half of the East half and the East half of the West half of the Northeast quarter and the East half of the West half of the Southeast quarter of Section 30, Township 8, Range 10 East, of the Gila and Salt River Base and Meridian, Pinal County, Arizona.

The North half of Section 20, Township 8 South, Range 10 East, of the Gila and Salt River Base and Meridian, Pinal County, Arizona.

*Desert Plants Conservancy, L.L.C is described as:*

The East half of the West half and the West half of the West half of the Northeast quarter and the West half of the West half of the Southeast quarter of Section 30, Township 8, Range 10 East, of the Gila and Salt River Base and Meridian, Pinal County, Arizona.

The South half of Section 20, Township 8 South, Range 10 East, of the Gila and Salt River Base and Meridian, Pinal County, Arizona; EXCEPT that portion of the North half of the Southwest quarter of Section 20, Township 8 South, Range 10 East, of the Gila and Salt River Base and Meridian, Pinal County, Arizona, described as follows:

COMMENCING at the West quarter corner of said Section 20;

Then North 89 degrees, 54 minutes, 00 seconds East, along said mid section line, a distance of 1074.60 feet;

Thence South 00 degrees, 55 minutes, 35 seconds West, a distance of 802.90 feet;

Thence South 88 degrees, 22 minutes, 45 seconds West, a distance of 1059.14 feet;

Thence North 00 degrees, 12 minutes, 01 seconds West, a distance of 830.88 feet to the POINT OF BEGINNING.

Confidential

3

AWD/12772

# EXHIBIT 2

AWD Farms, LLC
1628 E. Southern Avenue #9-PMB122
Tempe, AZ 85282

AWD Farms, LLC, an Arizona limited liability company,

Plaintiff,

vs.

AWD Ranch, LLC, an Arizona limited liability company; Desert Plants Conservancy, LLC, an Arizona limited liability company; and Niles Lipin, and Marie (Mimi) Pierron,

Defendants.

MICHAEL K. JEANES
Clerk of the Superior Court

By ANA-MARIE JAMES, Deputy
Date 12/01/2008 Time 03:45 PM
Description      Qty      Amount
———— CASE# CV2008-029422 ————
CIVIL NEW COMPLAINT 001     301.00

TOTAL AMOUNT                301.00
Receipt# 00804628 9422
1046258

Case No.:

**COMPLAINT**

**(Breach of Contract)**

CV2008-029422

Plaintiff AWD Farms, LLC alleges as its complaint the following:

1.     At all times relevant herein Defendant AWD Ranch, LLC was an Arizona limited liability company with its principle place of business in Maricopa County, Arizona.

2.     At all times relevant herein Defendant Desert Plants Conservancy, LLC was an Arizona limited liability company with its principle place of business in Maricopa County, Arizona.

3.     At all times relevant herein Defendants Niles Lipin and Marie (Mimi) Pierron lived in Maricopa County Arizona and caused events to occur in Maricopa County that give rise to the instant complaint.

4.     Plaintiff and Defendants entered into an agreement during the summer of 2002 to carry out several humanitarian service projects and to start several commercial projects that were interrelated ("the Projects").

5.     As part of the afore-stated agreement, Plaintiff was to supply, what was estimated to be one half of the costs of the commercial parts of the projects. Defendants agreed to pay for the other one half if revenues were not available from sales to do so and also made certain guarantees to cover these costs.

1

6. Defendants' guarantees consisted of agreeing to work a certain number of hours and AWD Ranch, LLC and Niles Lipin agreed to pay to Plaintiff all the extra income and/or inheritance it/he received in order to meet the agreed upon financial obligation due Plaintiff.

7. As an additional guarantee, Niles Lipin agreed to borrow as much equity as he could against his home and to allow the use of his home, when possible, for the benefit of the Projects. Defendants also agreed to indemnify the Plaintiffs in any lawsuits involving the Projects.

8. To date there have been no revenues from the commercial sales.

9. Plaintiff invested over 1.6 million dollars into the Projects.

10. Defendants paid approximately $600,000, towards the Projects.

11. Presently, Defendants owe, at least $500,000 in principal to Plaintiff.

12. Additionally, pursuant to the agreement between Plaintiff and Defendants, Defendants owe Plaintiff 7% simple interest of the $500,000 balance with an accrual date of August 1, 2007.

13. Defendants have not paid any of the accrued interest that is owed to Plaintiff.

14. In October of 2008, Plaintiff was named as a "co-defendant" with Defendants in a lawsuit involving the Projects and caused by acts allegedly committed by Defendants.

## COUNT I

### (Breach of Contract)

15. Plaintiff re-asserts and alleges all previous allegations is if fully set forth herein.

16. Plaintiff and Defendant entered into a valid and enforceable agreement.

17. Pursuant to the agreement entered between Plaintiff and Defendants, the amount of $500,000 plus 7% interest is due and owing by Defendants to Plaintiff.

18. Defendants failed to pay the amount due plus interest and materially breached the agreement with Plaintiff.

19. Additionally, Defendants allegedly committed acts that involved Plaintiff in a lawsuit. Said alleged acts are a breach of the contract between Defendants and Plaintiff.

20. As a result of the Defendants' contract breaches, Plaintiff has been damaged in an amount in excess of $500,000.

21. This matter arises out of a breach of contract action and Plaintiff is entitled to recover its reasonable attorney's fees and court costs.

2

**Wherefore**, Plaintiff requests the court enter judgment and award it relief as follows:

1.  For specific performance of the contract between Plaintiff and Defendants thereby awarding Plaintiff the amounts due and owed by Defendants;

2.  Awarding Plaintiff its consequential damages;

3.  Awarding Plaintiff its attorney's fees and costs; and

4.  For such other and further relief as the court deems just and appropriate.

RESPECTFULLY SUBMITTED this 1st day of December, 2008.

By: *Virginia Greenhalgh*
Virginia Greenhalgh, Member
AWD Farms, LLC

3

# EXHIBIT 3

Kevin Bumstead, #024337
40 N. Central Ave., Ste. 1400
Phoenix, Arizona 85701
kb@bumsteadlaw.com
P: (602) 343-1811; F: (623) 518-4837
*Attorney for AWD Ranch, Desert Plants Conservancy,*
*Niles Lipin and Mimi Pierron*

## SUPERIOR COURT OF ARIZONA

## MARICOPA COUNTY

| | |
|---|---|
| AWD Farms, LLC, an Arizona limited liability company, | Case No.: CV2008-029422 |
| Plaintiff, | **ANSWER** |
| vs. | |
| AWD Ranch, LLC, an Arizona limited liability company; Desert Plants Conservancy, LLC, an Arizona limited liability company; Niles Lipin and Marie "Mimi" Pierron | |
| Defendants. | (Assigned to Honorable Douglas Rayes) |

Defendants AWD Ranch, LLC and Desert Plants Conservancy, LLC, Niles Lipin and Marie "Mimi" Pierron by and through their undersigned attorney hereby Answer plaintiff's Complaint as follows:

1. Defendants admit the allegations contained in paragraphs 1-19 of plaintiff's complaint.

2. Defendants deny the allegations contained in paragraphs 20 and 21 of plaintiff's complaint.

3. Any allegations in plaintiff's complaint not specifically admitted or denied are denied.

///

///

1

4. As their affirmative defenses, defendants allege that their ability to comply with the contractual agreement with AWD Farms LLC was caused by events that were unforeseeable at the time of entering into the contract and by acts of others.

Submitted this 23rd day of December, 2008.

By: _____

Kevin Bumstead
*Attorney for AWD Ranch, Desert Plants Conservancy,*
*Niles Lipin and Mimi Pierron*

Copy of the foregoing mailed
this 23 day of December, 2008 to:

AWD Farms, LLC
1628 E. Southern Avenue #9-PMB 122
Tempe, AZ 85282

By: _____

2

# EXHIBIT 4

FILED
Aug. 4. 09 10:40 a.m.
MICHAEL K. JEANES, Clerk
By T. Tonk, C.
Deputy

1   Kevin Bumstead, #024337
2   40 N. Central Ave., Ste. 1400
    Phoenix, Arizona 85701
3   kb@bumsteadlaw.com
    P: (602) 343-1811; F: (623) 518-4837
4   *Attorney for AWD Ranch, Desert Plants Conservancy,*
5   *Niles Lipin and Mimi Pierron*

6
                    **SUPERIOR COURT OF ARIZONA**
7
                         **MARICOPA COUNTY**
8

9   | AWD Farms, LLC, an Arizona limited liability company, | Case No.: CV2008-029422 |
    |---|---|
10  | | **STIPULATED JUDGMENT** |
11  | Plaintiff, | |
12  | vs. | |
13  | AWD Ranch, LLC, an Arizona limited liability company; Desert Plants Conservancy, LLC, an Arizona limited liability company; Niles Lipin and Marie "Mimi" Pierron | |
14  | | |
15  | | |
16  | Defendants. | |
17  | | (Assigned to Honorable Douglas Rayes) |

18      Defendants AWD Ranch, LLC and Desert Plants Conservancy, LLC, Niles Lipin and

19  Marie "Mimi" Pierron; and AWD Farms, LLC by and through their respective attorneys hereby

20  stipulate to entry of judgment as follows:

21          1. Judgment is entered in favor of AWD Farms, LLC against AWD Ranch, LLC, Desert

22  Plants Conservancy, LLC, Niles Lipin and Marie "Mimi" Pierron, jointly and severally in the

23  amount of $1,800,000.00.

24  ///

25  ///

26  ///

                                    1

EXHIBIT
1
1-4-2011

2. The above judgment amount will not accrue interest for the first 30 months, thereafter interest will accrue at the rate of 10% per annum.

Dated this 3/ day of July, 2009.

By: _____
    Niles Lipin

Dated this 3/ day of July, 2009.

By: _____
    Niles Lipin
    *Member AWD Ranch, LLC*

By: _____  7-31-09
    Virginia Greenhalgh
    *Member AWD Farms, LLC*

Approved as to form and content:

By: _____
    Kevin Bumstead
    *Attorney for AWD Ranch, LLC,*
    *Desert Plants Conservancy, LLC*
    *Niles Lipin and Marie "Mimi" Pierron*

Dated this 31st day of July 2009.

By: _____
    Marie "Mimi" Pierron

Dated this 31st day of July 2009.

By: _____
    Marie "Mimi" Pierron
    *Member Desert Plants Conservancy, LLC*

By: _____
    Dustin T. Dudley, #021465
    One East Camelback, Suite 550
    Phoenix, Arizona 85012
    (602) 300-6777
    businesslitigation@cox.net
    *Attorney for AWD Farms, LLC*

DONE IN OPEN COURT this 3 day of August, 2009.

_____
HONORABLE DOUGLAS RAYES
SUPERIOR COURT JUDGE

2

# EXHIBIT 5

## JUDGMENT SATISFACTION AGREEMENT
## BETWEEN AWD FARMS LLC
## AND AWD RANCH LLC, DESERT PLANTS CONSERVANCY LLC,
## NILES LIPIN AND MARIE "MIMI" PIERRON

Pursuant to the Stipulated Judgment signed August 3, 2009, ("Judgment"), AWD Farms LLC and AWD Ranch LLC, Desert Plants Conservancy LLC, Niles Lipin and Mimi Pierron agree to the following conditions in satisfaction of Judgment.

This agreement is made under the assumption that the corrupt Judge Robert Carter Olson will very likely rule against AWD Ranch LLC and Desert Plants Conservancy LLC, Niles Lipin and Mimi Pierron in the summary judgment that is currently outstanding and likely all other motions before his court.

### 1) Garnishment of Wages against Mimi Pierron and Niles Lipin.

AWD Farms reserves the right at anytime, to garnish 25% of Ms. Pierron's wages or any other legally garnishable income in repayment of Judgment. For now, AWD Farms recognizes that Ms. Pierron is supplying the legal fees to continue in case CV2004-01368.

AWD Farms reserves the right at anytime, to garnish 25% of any future income or any other legally garnishable income Mr. Lipin may earn in repayment of Judgment.

### 2) Offset for legal expenses

AWD Farms will allow an offset of an agreed upon amount of funds, presently set at $100,000, for all legal expenses that AWD Ranch and Desert

1



EXHIBIT

2

Plants Conservancy, Niles Lipin and Mimi Pierron anticipate in pursuit of winning their case over the next 30 months.

## 3) 30 months waiver of interest and collection of personal property

AWD Farms is allowing 30 months of time before taking physical possession of property or charging interest on the remaining balance. This time allows for AWD Ranch and Desert Plants Conservancy, Niles Lipin and Mimi Pierron to appeal the case, work with federal authorities in the criminal cases, and uncover and expose the corruption of the other parties and the judges.

Effective as of this date of this signed agreement, in partial repayment of its judgment, AWD Farms claims ownership rights to all personal belongings of Niles Lipin and Mimi Pierron that could be normally attached and/or have value and that AWD Farms has a legal right to in order to satisfy its Judgment.

After 30 months, an interest rate of 10% per annum will apply to the remaining balance, as stated in the Judgment.

In accord with the Judgment, after 30 months, all property that AWD Farms has a legal interest in to satisfy its debt may be removed, sold or otherwise liquidated as AWD Farms see fit. Niles Lipin and Mimi Pierron agree to store and keep in safe condition all of AWD Farms' property, with the exception of any normal wear and tear if relevant.

## 4) Future awards from legal case, settlements, property recovery, etc.

AWD Farms claims first right to any awards from legal actions including RICO, malpractice, appeals or any other judgments in favor of AWD Ranch and

2

Desert Plants Conservancy, Niles Lipin and Mimi Pierron that results in a monetary or property award, to go towards repayment of the Judgment.

SIGNED THIS 4TH DAY OF AUGUST, 2009.


_____
Niles Lipin, Member
AWD Ranch, LLC

_____
Loraine Kesselring, Member
AWD Farms, LLC

_____
Marie (Mimi) Pierron, Member
Desert Plants Conservancy, LLC

_____
Virginia Greenhalgh, Member
AWD Farms, LLC

_____
Kathy Claypatch, Member
AWD Farms, LLC

_____
Celeste Cockrell, Member
AWD Farms, LLC

3

# EXHIBIT 6

# SUPPLEMENT TO JUDGMENT SATISFACTION AGREEMENT
## BETWEEN AWD FARMS LLC
## AND AWD RANCH LLC, DESERT PLANTS CONSERVANCY LLC,
## NILES LIPIN AND MARIE "MIMI" PIERRON

AWD Farms LLC and AWD Ranch LLC, Desert Plants Conservancy LLC, Niles Lipin and Mimi Pierron agree to the following supplemental conditions in satisfaction of Judgment signed August 3, 2009 by Judge Douglas Rayes, Maricopa County recorded document 2010-0025432.

**5) Specifically regarding any future malpractice or related claims to be filed.**

Assuming AWD Ranch LLC, Desert Plants Conservancy LLC, Niles Lipin and Mimi Pierron lose their claims in CV2004-01368, have to appeal, and should they not prevail in an appeal, within 3 months, or when agreed upon by the parties, of a final appellate ruling in CV2004-01368 and/or when it is ripe to file, AWD Ranch LLC, Desert Plants Conservancy LLC, Niles Lipin and Mimi Pierron agree to initiate and vigorously pursue a legal malpractice suit against Tim Barton, Michael Woodlock, Gust Rosenfeld and First American Title Company or any other appropriate parties.

The business losses of one-half of all incomes and interest thereon were not sued for in CV2008-029422 and lie outside and in addition to the claims and settlement within CV2008-029422. AWD Ranch LLC, Desert Plants Conservancy LLC, Niles Lipin and Mimi Pierron will pay the sum of 11.1 million dollars in addition to the payment of the stipulated judgment of 1.8 million, including the waiver of 30 months of interest at 10% per annum, all for the lost income for the AWD Farms' owed portions of all the failed associated business endeavors and interest lost at 10% per annum, till payment is received thereon. This sum of 11.1 million dollars equals the approximate total loss of AWD Farms' business claims against AWD Ranch LLC, Desert Plants Conservancy LLC, Niles Lipin and Mimi Pierron.

1

Because Farms has waived 30 months of interest and the other particulars as stated in the Judgment Satisfaction Agreement, after all attorneys fees and costs have been paid, whatever award or settlement is received, the first 11.1 million dollars will be paid to AWD Farms LLC.

After receipt of a settlement or award received from any lawsuit or other source, the funds specified in this supplement will become due and payable to AWD Farms LLC.

Should AWD Ranch LLC, Desert Plants Conservancy LLC, Niles Lipin and Mimi Pierron not prevail in a malpractice lawsuit, the stipulated judgment remains in force and begins to accrue interest beginning February 3, 2012.

## 6) Arizona Law and this Supplement

Arizona law requires that this supplement be added to define that AWD Ranch LLC, Desert Plants Conservancy LLC, Niles Lipin and Mimi Pierron are to pay AWD Farms LLC the funds of any award or settlement after they receive them and AWD Farms LLC shall have no rights within the suit(s). No part of this agreement shall be deemed a transfer of rights or of assignment of proceeds and at no time shall AWD Farms LLC have the right to have the lawsuit assigned to it or receive direct proceeds in this matter. This supplement, in part, is being made to further delineate any question about this issue.

## Agreement and Supplement remain in full force

If any part of this original agreement and supplement is ever found by a court of valid jurisdiction to be invalid, the remaining parts shall remain in effect.

## Confidentiality

This entire agreement shall be held in strict confidence by the parties undersigned who agree not to divulge these critical legal plans of the parties/entities. Only under a valid order of a court of law or an agreement by the parties, can the parties reveal the contents of this Judgment Satisfaction Agreement and its Supplement.

2

**7) Addendum under Item #2 - Offset for legal expenses.**

Whatever garnishment is collected from Ms. Pierron and/or Mr. Lipin, and is then used to pay for any legal expenses for either Ms. Pierron's, Mr. Lipin's, AWD Ranch's or Desert Plants Conservancy's, or future expenses for AWD Farms related to any case related to those parties or entities, it shall be deducted from the $100,000 offset that was already stated under item #2.

SIGNED THIS 5^(TH) DAY OF AUGUST, 2009.

_____
Niles Lipin, Member
AWD Ranch, LLC

_____
Loraine Kesselring, Member
AWD Farms, LLC

_____
Marie (Mimi) Pierron, Member
Desert Plants Conservancy, LLC

_____
Virginia Greenhalgh, Member
AWD Farms, LLC

_____
Kathy Claypatch, Member
AWD Farms, LLC

_____
Celeste Cockrell, Member
AWD Farms, LLC

3

# EXHIBIT 7

**Paul A. Loucks**

| | |
|---|---|
| **From:** | Paul A. Loucks |
| **Sent:** | Monday, November 21, 2011 4:14 PM |
| **To:** | 'Michael Berg (mwb@mwberglaw.com)' |
| **Subject:** | Pierron bankruptcy |

**Contacts:**     Michael Berg

Trust all is well.  I still have a questions about Pierron's operating reports.

As we discussed before the DPC debtor's exam, Pierron was still being garnished by AWD Farms.  Please confirm that the garnishment has stopped and that Pierron as is seeking disgorgement.

Thanks.

PAL

Paul A. Loucks
Mesch, Clark & Rothschild, P.C.
259 N. Meyer Ave., Tucson,  AZ  85701
ploucks@mcrazlaw.com
(520) 624-8886
FAX # (520) 798-1037

**To learn more about Mesch, Clark & Rothschild, P.C.,
please visit our web site: www.mcrazlaw.com.**

This transmission is CONFIDENTIAL and intended solely for the recipient. Be aware that any disclosure, copying, distribution or use of the contents of this transmission is prohibited. If you have received this e-mail in error, please notify the sender by return e-mail and then delete this transmission immediately. Thank you.

In order to comply with requirements imposed by the IRS, we inform you that unless we have expressly stated otherwise in writing, if this email (or any attachment) contains advice concerning any federal tax matter or submission, it was not written or intended to be used, and it may not be used, for the purpose of avoiding federal tax penalties.

Q Think before you print. Please consider the environment before printing this e-mail.

*NOTE:  If you are a client, do not forward this email to anyone. Doing so may cause you to waive the attorney-client privilege.*