# Exhibit 3

MESCH, CLARK & ROTHSCHILD, P.C.
259 North Meyer Avenue
Tucson, Arizona 85701
Phone: (520) 624-8886
Fax: (520) 798-1037

By: Melvin C. Cohen, SB #3728
    Patrick J. Lopez, SB #19183
    Paul A. Loucks, SB #19880
    73032-6/gc

Attorneys for Plaintiff/Counter-Defendant

## ARIZONA SUPERIOR COURT

## PINAL COUNTY

| | |
|---|---|
| THE PARSONS CO., INC., an Arizona corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AWD RANCH, LLC, an Arizona limited liability company; R. W. WALKER and EVE F. WALKER, husband and wife; DESERT PLANTS CONSERVANCY, LLC, an Arizona limited liability company; AWD FARMS, LLC, an Arizona limited liability company,<br><br>Defendants. | NO. CVC 2004 01368<br><br>**SECOND AMENDED COMPLAINT**<br><br>(Hon. Robert Carter Olson) |
| AWD RANCH, LLC, an Arizona limited liability company; DESERT PLANTS CONSERVANCY, LLC, an Arizona limited liability company,<br><br>Counter-Claimants,<br><br>vs.<br><br>THE PARSONS CO., INC., an Arizona corporation,<br><br>Counter-Defendant. | |

| | |
|---|---|
| 1 | AWD RANCH, LLC, an Arizona limited liability company; R. W. WALKER and EVE F. WALKER, husband and wife; DESERT PLANTS CONSERVANCY, LLC, an Arizona limited liability company, |
| 2 | |
| 3 | |
| 4 | Cross-Claimants, |
| 5 | vs. |
| 6 | R. W WALKER and EVE F. WALKER, husband and wife, |
| 7 | |
| 8 | Cross-Defendants. |
| 9 | R. W WALKER and EVE F. WALKER, husband and wife, |
| 10 | |
| 11 | Third-Party Plaintiffs, |
| 12 | vs. |
| 13 | NILES LIPIN and JANE DOE LIPIN, husband and wife; MIMI PIERRON and JOHN DOE PIERRON, wife and husband; LORAINE KESSELRING and JOHN DOE KESSELRING, wife and husband; THE UNITED STATES OF AMERICA; JOHN DOES 1-10; JANE DOES 1-10; ABC CORPORATIONS 1-10; and XYZ ENTITIES 1-10; and their unknown heirs, devisees, successors and assigns, |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | Third-Party Defendants. |
| 19 | R. W WALKER and EVE F. WALKER, husband and wife, |
| 20 | |
| 21 | Cross-Claimants, |
| 22 | vs. |
| 23 | AWD RANCH, LLC, an Arizona limited liability company; DESERT PLANTS CONSERVANCY, LLC, an Arizona limited liability company, |
| 24 | |
| 25 | |
| | Cross-Defendants. |
| 26 | |

This amended Complaint comprises an updated set of claims against the only remaining defendants to the claims raised by Plaintiff Parsons Company, Inc. ("Parsons"), in the lawsuit, namely AWD RANCH, LLC, and DESERT PLANTS CONSERVANCY, LLC. All references to claims Parsons filed in the original complaint against the Walkers have been removed. Plaintiff, for its second-amended claim for relief, hereby amends its Complaint and alleges as follows. Plaintiff does not request that the Court reconsider its two prior rulings granting summary judgment in Defendants' favor on Counts I-III on the Purchase Agreement (a ruling with which Plaintiff still disagrees) or granting summary judgment in Plaintiff's favor on Counts II and III on the Deed of Easement.

1. At all times material herein, the Plaintiff has owned property in Pinal County, Arizona, and resided in Marana, Pima County, Arizona.

2. R.W. and Eve F. Walker ("Walkers") are and at all times material to this Complaint were married, acting on behalf of the marital community, and owned certain real property and property interests in Pinal County, Arizona.

3. The Defendant AWD Ranch LLC ("AWD"), is an Arizona limited liability company.

4. The Defendant Desert Plants Conservancy, L.L.C. ("Desert Plants"), is an Arizona limited liability company.

5. The real property which is the subject matter of this complaint is located in Pinal County and consists of real property (the "Property," legally described in Exhibit A attached to the First Amended Complaint and incorporated herein) and an easement for ingress and egress to the Property (the "Easement," legally described in Exhibit B "Deed of Easement" and Exhibit C "Purchase and Sale Agreement" ("Sales Agreement") attached to the First Amended Complaint and incorporated herein).

6. At one time, the Walkers owned all the real property which is the subject of this lawsuit, and no easement existed because none was necessary.

3

7. On or about March 31, 1998, Plaintiff contracted in good faith with, and purchased for due and just consideration from, the Walkers, the Property (consisting of a 20-acre section with Stock Pond #3R-763.0 within this 20-acre section, specifically designed for the watering of cattle), leasehold rights to federal- and state-owned land, and interest in real property, consisting of the Easement, which served as the only ingress and egress to and from the Property for the movement of livestock (i.e, cattle), horses, ranching machinery and vehicles, and for general ranching activities of Plaintiff.

8. The aforementioned Sales Agreement that governed these transactions was recorded in the Pinal County Recorder's Office on June 16, 1999, at Fee No. 1999-02743, and referenced the ingress and egress as to cattle "on all existing roads and trails ..." with associated grazing and water rights on the aforementioned Sections 20 and 30 (hereinafter "the Burdened Land").

9. [Intentionally omitted.]

10. On or about June 16, 2003, the Walkers sold the Burdened Land to Defendant(s) AWD and/or Desert Plants.

11. Defendants AWD and Desert Plants claim the Easement did not allow for ingress and egress of cattle to move freely over the roads and trails of the property owned by these defendants that surrounds the Property, essentially Sections 20 and 30, and claim they were not aware of the Sales Agreement. At no time material to the complaint did Defendants AWD and Desert Plants adequately investigate their title or any clouds thereon.

12. In or about November 2003, Defendants AWD and Desert Plants began to intentionally interfere with Plaintiff's Easement by illegally fencing off access to the Easement, obstructing the movement of Plaintiff's cattle and ranching equipment.

13. Defendants AWD and Desert Plants have acted to restrict Plaintiff's rights that exist under the Deed of Easement and Sales Agreement. Defendants AWD and Desert Plants have thus rendered Plaintiff's land rights and interests useless.

4

## Count I

### (Easement by Necessity and/or Implication)

14.-19.   [Paragraphs 14-19 omitted from this Second Amended Complaint.]

## Count II

### (Quiet Title)

20.   Plaintiff re-alleges all allegations contained in previous paragraphs, and incorporates them by reference.

21.   Plaintiff, through its attorney and pursuant to A.R.S. § 12-1103, tendered two quit claim deeds to Defendants AWD and Desert Plants with two checks for five dollars ($5.00) each. It has been more than twenty (20) days and Defendants have not executed and returned the quit claim deeds to Plaintiff or its attorneys.

22.   The language and recording of the Deed of Easement and the Sales Agreement gave Defendants AWD and Desert Plants sufficient and effective notice of Plaintiff's rights under said documents.

23.   Plaintiff has valid and legal rights under the Deed of Easement and Sales Agreement, and Defendants AWD's and Desert Plants' actions constitute a cloud on Plaintiff's interests. Said cloud on Plaintiff's interests has and will continue into the future to cause Plaintiff damages.

## Count III

### (Permanent Injunction)

24.   Plaintiff re-alleges all allegations contained in previous paragraphs, and incorporates them by reference.

25.   Defendants AWD and/or Desert Plants have intentionally and illegally obstructed Plaintiff's Easement rights and usage.

5

26. The Court is empowered to issue an Order imposing an immediate and permanent injunction enjoining Defendants AWD and Desert Plants from further obstruction touching upon the Easement and Plaintiff's rights under the Deed of Easement and Sales Agreement. Plaintiffs are entitled to such an Order.

### Count IV

**(Breach of Contract)**

27.-30. [Paragraphs 27-30 omitted from this Second Amended Complaint.]

### Counts V and VI

**(Fraud and Fraud in the Inducement)**

31.-43. [Paragraphs 31-43 omitted from this Second Amended Complaint.]

### Count VII

**(Wrongful Diversion and Unlawful Appropriation of Water)**

44. Plaintiff re-alleges all allegations contained in previous paragraphs, and incorporates them by reference.

45. Upon information, defendant AWD Farms, LLC, is an Arizona limited liability company doing business in Pinal County, Arizona. Collectively, Plaintiff refers to AWD Farms, LLC, AWD Ranch, LLC, and Desert Plants Conservancy, LLC, as the "AWD Defendants."

46. Upon information and belief, AWD Farms, LLC, is under contract to operate a portion of the property owned by AWD and DPC.

47. In or about March 1998, Plaintiff purchased certified water rights from the Walkers allowing Plaintiff to collect a specified amount of surface water in the stock pond (the "Stock Pond") on the Property that they purchased from the Walkers. The Arizona

6

Department of Water Resources reissued the certificate of water rights to Plaintiff as certificate 1421.001.

48. The Stock Pond is certified with the Arizona Department of Water Resources.

49. Plaintiff has appropriated 1,095,000 gallons of water pursuant to its certified surface water right and is authorized to store that water in the Stock Pond.

50. Plaintiff's right to use the water it appropriated is better than and prior and superior to any right the AWD Defendants may have to the appropriated water.

51. Prior to June 2008, the AWD Defendants wrongfully altered an existing watercourse upstream from the Stock Pond.

52. The AWD Defendants' wrongful alteration to the watercourse caused and effected an appropriation of water from Plaintiff.

53. The AWD Defendants' appropriation of Plaintiff's water is unlawful.

54. The AWD Defendants' wrongful alterations of the watercourse caused a diminished water supply to flow into the Stock Pond, severely decreasing Plaintiff's use and enjoyment of the dominant estate and its rights to the lawfully appropriated water.

55. Plaintiff has been damaged by the AWD Defendants' wrongful alteration of the watercourse in an amount to be determined at trial.

56. The AWD Defendants acted with an evil mind and/or with reckless disregard of a substantial risk of significant economic harm to Parsons by wrongfully altering the watercourse and wrongfully appropriating Parsons' water, entitling Parsons to punitive damages.

57. The AWD Defendants are strictly liable for damage to Plaintiff's property caused by their wrongful diversion of water.

7

## Count VIII

### (Permanent Injunction)

58. Plaintiff re-alleges all allegations contained in previous paragraphs, and incorporates them by reference.

59. The AWD Defendants' wrongful alterations to the watercourse proximately caused flooding to and erosion of Plaintiff's property, including to the Stock Pond.

60. Plaintiffs put the AWD Defendants on notice of the damage to Plaintiffs' property caused by the AWD Defendants' wrongful alterations proximately caused to the watercourse.

61. Notwithstanding their knowledge of the damage their alterations to the watercourse created, the AWD Defendants intentionally failed and wrongfully refused to redress the problem, continue to flood, erode, and otherwise damage Plaintiff's property, and continue to diminish Plaintiff's use and enjoyment of the Property and lawfully-appropriated water rights.

62. Parsons has suffered damages and continues to do so on an ongoing basis as a direct and proximate result of the AWD Defendants' unlawful diversion and appropriation of Parsons' water.

63. The Court is empowered to issue an Order imposing an immediate and mandatory permanent injunction enjoining the AWD Defendants from appropriating further water from Plaintiff and requiring the AWD Defendants to restore the watercourse upstream of the Stock Pond to ensure that it ceases to cause damage to Plaintiff's property and the Stock Pond. Plaintiffs are entitled to such an Order.

## Count IX

### (Private Nuisance)

64. Plaintiff re-alleges all allegations contained in previous paragraphs, and incorporates them by reference.

8

65. The AWD Defendants' have unreasonably interfered with Plaintiff's use and enjoyment of the Property, causing significant harm to Plaintiff.

66. The AWD Defendants' interference of Plaintiff's use of the Property has at all times been and is now substantial, intentional, and unreasonable under the circumstances.

67. The AWD Defendants' interference of Plaintiff's use of the Property has at all times been and is now sufficiently special in nature and different in kind from that experienced by others near or around the altered watercourse.

68. The AWD Defendants' actions described herein constitute a private nuisance to Plaintiff's use of the Property.

69. The Parsons have suffered damages, and continue to do so on an ongoing basis, as a direct and proximate result of the private nuisance committed by the AWD Defendants.

**WHEREFORE**, Plaintiff prays that the Court enter judgment and enter an Order as follows:

1. Quieting title in the property interests and rights described in the Deed of Easement and Sales Agreement; namely, Plaintiff's rights of ingress and egress to Plaintiff's aforementioned 20-acre parcel (with Stock Pond #3R-763.0) along the roads and trails in Sections 20 and 30 as shown on Exhibit 1 to the Supplemental Affidavit of Joseph Parsons filed with this Court on August 1, 2008, incorporated herein by this reference, for the movement of livestock (i.e, cattle), horses, ranching machinery and vehicles, and for general ranching activities of plaintiff, and quieting title in that easement forever against any and all claims of defendants, their agents, employees, successors or other persons in accord with the partial summary judgment previously granted by this Court in Parsons' favor;

2. [Prayer for relief 2 omitted from this Second Amended Complaint.]

9

3. Requiring Defendants AWD and Desert Plants to show cause why the Court should not issue a mandatory permanent injunction, and to remove all fences, barriers, affecting Plaintiff's free and clear use and enjoyment of its property rights and Easement; obstructions, hindrances, etc. from the subject land affecting ;

4. Granting a mandatory permanent injunction against Defendants AWD and Desert Plants enjoining said Defendants from further obstructing or causing to be obstructed, Plaintiff's rights under the Easement, Deed of Easement, Sales Agreement and principles of easement by necessity and/or by implication; further, to cease all activities in violation of Plaintiff's Easement and property rights, and to remove all fences, barriers, obstructions, hindrances, etc., from the subject land affecting Plaintiff's free, clear and intended use and enjoyment of its property rights in the Easement;

5. [Prayers for relief 5-7 omitted from this Second Amended Complaint.]

8. Granting Plaintiff its special and general compensatory damages;

9. Granting Plaintiff its consequential damages, including, but not limited to, the income and benefits lost due to Plaintiff's inability to herd cattle to and from the Property and inability to conduct other ranching activities on Plaintiff's property;

10. Granting Plaintiff its costs and fees allowed by law incurred in this matter;

11. Granting Plaintiff its attorney fees;

12. Granting Plaintiff punitive and/or exemplary damages;

13. Ordering the AWD Defendants to abate the private nuisance they have caused by returning the watercourse upstream of the Stock Pond to its prior configuration such that water flowing from the watercourse does not damage, erode, or flood Plaintiff's property;

14. Finding that Plaintiff has a better water right than the AWD Defendants to the water running through all watercourses upstream of the Stock Pond;

15. Ordering the AWD Defendants to cease appropriating water from Plaintiff in accord with Plaintiff's better and superior water right and that the AWD Defendants

10

1 | peaceably release any and all impounded water upstream of the Stock Pond necessary to
2 | return the Stock Pond to its level before their unlawful appropriation of Plaintiff's water;
3 | and

4 |     16.   Granting Plaintiff any other relief in law and equity as the Court deems just.

5 | DATED: September 18, 2008.

6 |                                       MESCH, CLARK & ROTHSCHILD, P.C.

By _____
    Mel C. Cohen
    Patrick J. Lopez
    Paul A. Loucks
    Attorneys for Plaintiff

Copy of the foregoing mailed
September 18, 2008, to:

Kevin Keating
Carson Messinger Elliott Laughlan & Ragan, PLLC
3300 N. Central Avenue, Suite 1900
Phoenix, AZ 85012
*Attorneys for Defendants Walker*

Raya Tahan
Kevin Bumstead
The Tahan Law Office
5333 N. 7th Street, Suite B215
Phoenix, AZ 85014
*Attorneys for AWD Ranch
and Desert Plants Conservancy*

Michael S. Woodlock
Gust, Rosenfeld, P.L.C.
1 S. Church Ave., Suite 1900
Tucson, AZ 85701-1627
*Attorneys for Defendants AWD Ranch
and Desert Plants Conservancy*

Case 2:11-ap-02300-GBN    Doc 54-3    Filed 10/08/12    Entered 10/08/12 15:09:03    Desc
Exhibit    Page 12 of 13

1  COPY of the foregoing served by
   facsimile this 18th day of September, 2008,
2  to:

3  Hon. Robert Carter Olson - Fax #520-866-5414
   Pinal County Superior Court
4  P.O. Box 946
   Florence, AZ 85232

5

6  _____

7  278044v2

Case 2:11-ap-02300-GBN    Doc 54-3    Filed 10/08/12    Entered 10/08/12 15:09:03    Desc
Exhibit    Page 13 of 13