# Exhibit 6

DUSTIN T. DUDLEY, BAR # 021465
ONE EAST CAMELBACK, SUITE 550
PHOENIX, ARIZONA 85012
TELEPHONE: (602) 300-6777
FACSIMILE: (602) 513-7204
BUSINESS LITIGATION@COX.NET
ATTORNEY FOR DEFENDANT AWD FARMS, LLC

FILED
KRISTI YOUTSEY RUIZ
CLERK OF SUPERIOR COURT
09 JUN 15 PM 1:49
BY ______ DEPUTY

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF PINAL

The Parsons Company Inc.,

Plaintiff,

v.

AWD Ranch LLC, et al.,

Defendants,

(And Related Cross and Counter-Claims)

No. CVC 2004-01368

DEFENDANT AWD FARMS, LLC'S FIRST MOTION FOR SUMMARY JUDGMENT RE: COUNT VII

(*Wrongful Diversion and Unlawful Appropriation of Water*)

(Assigned to the Honorable Robert Carter Olson)

In its Second Amended Complaint, Plaintiff The Parsons Company Inc. ("Parsons") asserted a claim against Defendant AWD Farms, LLC ("Farms") for wrongful diversion and unlawful appropriation of water.

Based upon the following Memorandum of Points and Authorities, Separate Statement of Facts (incorporated herein by this reference), the Affidavit of T. Allen J. Gookin, P.E., L.S., P.H., the opinions of Land Consultant Michael Anable (disclosed by Plaintiff The Parsons Company, Inc. in its 9th Supplemental Disclosure Statement), and the Court's file herein, Defendant Farms is entitled to summary judgment because the pleadings and supporting documents, viewed in the light most favorable to Parsons, "show that there is no genuine issue as to any material fact and that Farms is entitled to a judgment as a matter of law", as contemplated in Celotex Corp. v. Catrett, 477 U.S. 317, 322-323 (1986). Defendant Farms therefore respectfully

Dustin T. Dudley, Esq.
One East Camelback, Suite 550
Phoenix, Arizona 85012
(602) 300-6777/FAX:(602) 513-7204

CONFORMED COPY FURNISHED

requests this Court grant summary judgment that it did not wrongfully divert or unlawfully appropriate water.

RESPECTFULLY SUBMITTED this 15 day of June, 2009.

DUSTIN T. DUDLEY, ESQ.

By: [signature]
Dustin T. Dudley, Esq.
One East Camelback, Suite 550
Phoenix, AZ 85012
*Attorney for Defendant AWD Farms, LLC*

Dustin T. Dudley, Esq.
One East Camelback, Suite 550
Phoenix, Arizona 85012
(602) 300-6777/FAX:(602) 513-7204

**MEMORANDUM OF POINTS AND AUTHORITIES**

**FACTUAL BACKGROUND**

On or about September 25, 2002, Walkers sold certain land to Defendants AWD Ranch "Ranch" and Desert Plants Conservancy "DPC." Farms has, at times, provided financial backing for Ranch and DPC and operated in cooperation with the two on a number of common interest projects. One such project for which Farms provided financial backing was the restoration of two of the existing ponds on the DPC land "The Project" by removing silt from the ponds to restore them to their original condition so that they could continue to hold sufficient water for the ongoing support of area wildlife. These ponds have been labeled AWD pond #'s 3, 5, & 6 for ease of reference (AWD ponds 5 & 6 were actually one contiguous pond). (PSOF ¶ 1.) Farms maintains that it did not actively participate in the planning or carrying out of the pond restoration project. (PSOF ¶ 2.) However, this Court need not make any determination of Farms' involvement in order to find that they could not be liable to Parsons for wrongful diversion and unlawful appropriation of water because, as set forth in greater detail below, Parsons did not have superior rights to the water in question.

Dustin T. Dudley, Esq.
One East Camelback, Suite 550
Phoenix, Arizona 85012
(602) 300-6777/ FAX: (602) 513-7204

## I. Wrongful Diversion and Unlawful Appropriation of Water

Arizona follows a prior appropriation system of water rights, according to which a prior appropriator has superior rights to water over a subsequent appropriator because the former's appropriation pre-existed that of the latter. *See Generally* In re Determination of Relative Rights, to Use of Waters of Pantano Creek In Pima County, Tattersfield v. Putman, 45 Ariz. 156, 41 P.2d 228 (1935) *and* Espil Sheep Co. v. Black Bill & Doney Parks Water Users Assn, 16 Ariz.App. 201, 492 P.2d 450 Ariz. App. (1972).

Parsons complains that Defendant Farms has somehow participated in an endeavor which has allegedly resulted in the wrongful diversion and unlawful appropriation of water that Parsons supposedly had some superior right to. However, given the prior appropriation system of water rights set forth above, such a claim necessarily presupposes that Parsons' appropriation of water predates the appropriation of water in the ponds located on the land that Walker sold to Ranch and DPC.

DPC performed restorative work by removing silt from what have been labeled as AWD Ponds 3, 5 & 6 (again 5 & 6 are actually one contiguous pond). (PSOF ¶ 3.) The pond labeled AWD Pond 3 was built at some point between the years 1980 and 1992. Although it is not clear precisely when AWD Pond 3 was built, we can determine to an absolute certainty that it did not exist in or prior to 1980 and we can determine to an absolute certainty that it did exist as of 1992. (PSOF ¶ 4.) The pond labeled AWD Ponds 5 & 6 was built at some point between the years 1947 and 1972. Although it is not clear precisely when AWD Pond 5 & 6 was built, we can determine to an absolute certainty that it did not exist in or prior to 1947 and we can determine to an absolute certainty that it did exist as of 1972. (PSOF ¶ 5.) Parsons' pond was built at some point between the years 1992 and 1996. Although it is not clear precisely when Parson's pond was built, we can determine to an absolute certainty

Dustin T. Dudley, Esq.
One East Camelback, Suite 550
Phoenix, Arizona 85012
(602) 300-6777 / FAX: (602) 513-7204

that it did not exist in or prior to 1992 and we can determine to an absolute certainty that it did exist as newly built or still under construction as of 1996. (PSOF ¶ 6.)

It is therefore an indisputable fact that AWD Pond 3, AWD Pond 4 and AWD Pond 5 & 6, and AWD Pond 7 were all in existence prior to Parson's pond. Accordingly, and pursuant to Arizona's prior appropriation system of water rights, Parsons is a junior user and cannot support its claim against Farms for wrongful diversion and unlawful appropriation of water. (PSOF ¶ 7.) Ironically, while attempting to defend allegations that Farms, Ranch, and DPC were diverting water belonging to Parsons, the true facts now reveal that Parsons is actually wrongfully diverting water from DPC. (PSOF ¶ 8.)

## II. Conclusion

The undisputed facts set forth above entitle Defendant Farms to summary judgment on Parsons' Wrongful Diversion and Unlawful Appropriation of Water claim. Additionally, frequent case law references to water rights being appurtenant to the land (See In re Determination of Relative Rights to Use of Waters of Pantano Creek in Pima County Tattersfield v. Putnan, 45 Ariz. 156, 169, 41 P.2d 228, *) and the interplay between easements for livestock access to stock ponds and the priority given to prior appropriators under Arizona's prior appropriation system of water rights also make one question whether the land and water questions in this matter are too intertwined to be efficiently bifurcated and tried separately.

For the foregoing reasons Defendant Farms respectfully requests that this Court enter an order granting Farms summary judgment on Parsons' Wrongful Diversion and Unlawful Appropriation of Water claim and give careful consideration to whether bifurcation of the water claims in this matter (should summary judgment not be granted) would be possible given the relationship between the water and land issues involved. Furthermore, Farms, as a creditor to DPC and Ranch, believes that bifurcation would lead to additional financial waste that would further jeopardize any chance Farms has of ever being repaid by DPC and Ranch.

Case 2:11-ap-02300-GBN Doc 54-6 Filed 10/08/12 Entered 10/08/12 15:09:03 Desc Exhibit Page 5 of 7

RESPECTFULLY SUBMITTED this 15 day of June, 2009.

DUSTIN T. DUDLEY, ESQ.

By: [signature]
Dustin T. Dudley, Esq.
One East Camelback, Suite 550
Phoenix, AZ 85012
*Attorney for Defendant AWD Farms, LLC*

Original of the foregoing filed this 15 day of June, 2009:

Clerk of the Court
Pinal County Superior Court
971 Jason Lopez Circle, Bldg. A
P.O. Box 2730
Florence, AZ 85232

Copy of the foregoing e-mailed and/or mailed this 15 day of June, 2009, to:

Honorable Robert Carter Olson
Pinal County Superior Court
971 Jason Lopez Circle, Bldg. A
P.O. Box 946
Florence, AZ 85232

Melvin C. Cohen
Paul Loucks
Mesch Clark & Rothschild, P.C.
259 North Meyer Avenue
Tucson, Arizona 85701
*Attorneys for Plaintiff Parsons Co., Inc.*

Michael S. Woodlock
Gust Rosenfeld, PLC
201 E. Washington, Suite 800
Phoenix, Arizona 85004
*Attorneys for Defendants AWD Ranch And Desert Plants Conservancy*

Dustin T. Dudley, Esq.
One East Camelback, Suite 550
Phoenix, Arizona 85012
(602) 300-6777 / FAX: (602) 513-7204

Kevin R. Keating
Carson Messinger Elliott
Laughlin & Ragan, PLLC
3300 N. Central Avenue, Suite 1900
Phoenix, Arizona 85012
*Attorneys for Defendants Walker*

Kevin M. Bumstead
40 N. Central Avenue, Suite 1400
Phoenix, AZ 85004
*Attorneys for Defendants AWD Ranch And Desert Plants Conservancy*

By: [signature] Dustin T. Dudley

Dustin T. Dudley, Esq.
One East Camelback, Suite 550
Phoenix, Arizona 85012
(602) 300-6777/FAX: (602) 513-7204