```
                    UNITED STATES BANKRUPTCY COURT
                         DISTRICT OF ARIZONA
_____
                                    )
In re:                              )
                                    )
NILES S LIPIN              CH: 11   )  2:11-BK-26500-GBN
                                    )
1) ORAL ARGUMENT ON DEBTOR'S CROSS  )
   MOTIONS FOR SUMMARY JUDGMENT (CLAIM )
   #12)                             )
                                    )
2) CONTINUED CHAPTER 11 STATUS HEARING )
                                    )
3) ADM: 2:11-bk-26500-GBN           )
                                    )
   ORAL ARGUMENT ON DEBTOR'S PARTIAL )
   MOTION FOR SUMMARY JUDGMENT AGAINST )
   WALKERS (CLAIM #13)              )
                                    )
4) ADM: 2:11-bk-26500-GBN           )
                                    )
   ORAL ARGUMENT ON DEBTOR'S OBJECTIONS )
   TO CLAIM #12 AND CLAIM #13       )
                                    )
5) THE PARSONS COMPANY, INC. & THE  )  ADV: 2-11-02300
   ESTATE OF ROBERT WALKER AND EVE WALK )
   vs NILES S LIPIN & MARIE PIERRON & )
   AWD FARMS, LLC                   )
                                    )
   STATUS HEARING ON COMPLAINT RE:  )
   SUBORDINATION OF CLAIM OR INTEREST )
_____)
```

                                U.S. Bankruptcy Court
                                230 N. First Avenue, Suite 101
                                Phoenix, AZ 85003-1706

                                January 18, 2013
                                12:00 p.m.

          BEFORE THE HONORABLE GEORGE B. NIELSEN JR., Judge
                        (Designation of Record)

**AVTranz**
www.avtranz.com · (800) 257-0885

APPEARANCES:

| | |
|---|---|
| For Niles S. Lipin: | Richard L. Strohm<br>LAW OFFICES OF RICHARD L. STROHM<br>11 West Jefferson Street<br>Suite 1000<br>Phoenix, AZ 85004 |
| For the Walkers: | Kevin R. Keating<br>THE KEATING LAW FIRM PLC<br>7702 E. Doubletree Ranch Road<br>#300<br>Scottsdale, AZ 85258 |
| For The Parsons Co., Inc.: | Paul A. Loucks<br>MESCH CLARK & ROTHSCHILD, PC<br>259 N. Meyer Avenue<br>Tucson, AZ 85701 |
| For AWD Farms, Inc.: | David W. Reichel<br>2700 W. Baseline Road<br>Suite 133/166<br>Tempe, AZ 85283 |

Proceedings recorded by electronic sound technician, Kayla Colasont; transcript produced by AVTranz.

(12:00 p.m.)

THE COURT: All right.

Gentlemen, I'm prepared to rule on this matter now, and I'll do so. Accordingly, anyone who wishes a complete copy of my ruling, my reasons therefor, may obtain it by ordering either a transcript of this hearing or a compact disc recording. I'll start with the obvious principles since we're dealing with two motions for summary judgment, which I believe can be discussed together with -- along with one cross-motion for summary judgment.

Summary judgment, we all know, is appropriate only when there is no genuine issue of material fact and the moving party's entitled to judgment as a matter of law. In ruling, the non-moving party's evidence is believed. All justifiable inferences are drawn in that party's favor. Movant bears the initial responsibility of informing the Court of the basis for its motion and identifying those pleadings, depositions, answers, interrogatories, admissions, together with affidavits which demonstrate the absence of a genuine issue of material fact. See the Supreme Court's important Celotex Corporation decision -- 106 Supreme Court Reporter 2548 at 2553. And pursuant to Celotex, once the moving party has met its burden, the opposing party then has the burden to come forward with a more convincing showing that summary judgment is not appropriate. See the Bankruptcy Appellate Panel's Coleman Oil

1  Company decision, 190 Bankruptcy Reports 370 at 373.  This BAP
2  opinion was affirmed by the Ninth Circuit, 127 F.3d 904.
3         The burden on the non-moving party is more than to
4  simply show metaphysical doubt.  Although inferences drawn from
5  underlying facts must be viewed most favorable to the party
6  opposing the motion, the non-movant must show the inference
7  favoring it is reasonable in light of competing inferences.  If
8  the factual context renders a party's claim implausible, that
9  party must come forward with more persuasive evidence than
10 would otherwise be necessary.
11        This comes to us from the Supreme Court's Zenith
12 Radio Corporation case, 106 Supreme Court Reporter 1348 at
13 1356-57.  Or as our Court of Appeals has phrased it, "A
14 conclusory self-serving affidavit lacking detailed facts and
15 any sporting evidence is insufficient to create a genuine issue
16 of material fact."  I'm reading from the Ninth Circuit's Caneva
17 decision, 550 F.3d 755 at 763.  And the burden, of course, is
18 to apply these principles to the present matters.
19        In the present case, the Debtor here believes that
20 secret settlements have or may result in a double recovery by
21 these creditors.  And he further argues, in papers at least,
22 that the failure of these creditors to report these other
23 sources of recovery means a false bankruptcy claim was filed,
24 or in the alternative that he's entitled to some type of an
25 offset.

```
 1              This startling allegation of a false claim, of
 2   course, is premised on the federal criminal statute 18 USC
 3   § 152, paragraph 4, which provides that a person who knowingly
 4   and fraudulently presents any false claim against the estate of
 5   a debtor under Title 11 shall be fined or imprisoned or both.
 6   But -- although this is certainly a statute that attracts our
 7   attention, the fact is that there is no private cause of action
 8   arising from this criminal statute.  See the Heavrin decision,
 9   246 F.Supp.2d 728 at731.  See also bankruptcy case In re
10   Anthony, 481 B.R. 602 at 627.
11              However, while there's no private cause of action
12   that can be premised on the criminal statute, there could still
13   be a basis for a civil sanction.  See a discussion by the
14   bankruptcy court in the Verona decision, 388 B.R. 705 at 711.
15   And also, presumably, there is a basis under Federal Bankruptcy
16   Rule 9011.  But I think we're pursuing a false alternative when
17   we make these allegations based on a criminal statute.
18              A setoff created by a settlement well might be.  But
19   the problem here is that there is little showing by the Debtor
20   as a matter of law that there is any knowing and for that
21   matter fraudulent filing of a bankruptcy claim, which could be
22   subject to a settlement setoff.  Just focusing on the setoff
23   aspects of the Debtor's motions, what's missing here largely is
24   any real analysis of Arizona law as to how to compute these
25   setoffs other than a reference to a single Arizona case
```

1   affirming a right of setoff of compensatory damages through a
2   settlement. And that's the Arizona Court of Appeals Regency
3   Phoenix Hotel case, 907 P.2d 506. In that case, this is what
4   our State Court of Appeals had to say in part:
5         "In Arizona, a joint tort feasor is entitled
6         to have the amount of another joint
7         tort feasor's settlement applied in reduction
8         of the Plaintiff's claim."
9   See 907 P.2d at 524.
10        But how does that help us here? Are bankruptcy
11  creditors joint tort feasors? I doubt it. There's the statute
12  that's implicated in this decision, ARS 12-2504 even apply? I
13  can't see how it does. It provides in part if for release or
14  covenant not to sue. It's given in good faith to one, two or
15  more persons liable in tort for the same injury or the same
16  wrongful death. It does not discharge the other tort feasors
17  for liability or the injury or wrongful death. But it reduces
18  the claim and gets the others to the extent of any amount
19  stipulated by the release, and it discharges the tort feasor to
20  whom it is given from all liability for contribution to any
21  other tort feasor.
22        I just don't see with respect how the citation of
23  these authorities helps -- has clearly established that this
24  statute applies to reduced judgments that were obtained in the
25  state court against the Debtor in favor of these creditors.

 1  And I can't see how concepts of joint tort feasors and wrongful
 2  death causation are helpful as well.  Is there such a thing to
 3  a setoff to a bankruptcy claim?  Of course there is, but the
 4  setoff has to be established.
 5         If -- and additionally, if the Debtor was aware of
 6  earlier settlements, then he may well be too late to be
 7  asserting them as a setoff to a bankruptcy claims.  Again, the
 8  State Court of Appeals has noted,
 9         "Public policy demands there be an end to
10          litigation.  The common good requires that
11          there be an end to strife for the purpose
12          of producing certainly.  And thus, a
13          Defendant requesting the Court to apply
14          the amount of another joint tort feasor's
15          payment to reduce a Plaintiff's claim
16          should do so before the judgment is
17          entered."
18  Again, that's from Regency Phoenix at pages 524 to -25.  So
19  that even if this case applied as the Debtor apparently thought
20  it did, there's a caution here that such matters have to be
21  raised before the judgment is rendered.
22         I really am required to deny the Debtor's motions for
23  summary judgment against these two creditors because we have
24  had a great deal of speculation and suspicion, but no
25  establishment as a matter of material, undisputed fact, or for

1 that matter as a matter of law that these creditors filed a
2 false claim or even that the Debtor has some setoff rights as a
3 result of any settlement.

4 To the one creditor, The Parsons Company filed a
5 cross-motion for a summary judgment asserting it's entitled to
6 summary judgment on the issue of the validity of the state
7 court judgment against the Debtor. And here's what I've
8 already done on these issues by previous ruling that I entered.
9 And my ruling provided in part the Debtor's collateral attack
10 on The Parsons judgment falls short for three reasons.

11 First, movant filed a state court rule 60(c)(4)
12 motion, claiming the judgments were void and making essentially
13 the same arguments made here. The motion was denied, the
14 Debtor appealed, but the Debtor subsequently dismissed his
15 appeal.

16 Second, the Movant raised similar arguments in
17 district court and lost before Chief District Judge Silver in
18 District case 11-1599, dismissing the Plaintiff's first amended
19 complaint. The Chief Judge focused, at least in part, on the
20 Rooker-Feldman doctrine. That was -- that's an important focus
21 because the fact of the matter is Rooker-Feldman bars --
22 implicates bankruptcy judges as well as district and circuit
23 judges.

24 This is what the Chief District Judge said in that
25 case: "Federal district courts lack jurisdiction to review

1  state court orders and judgment.  This Court," the District
2  Court continued, "lacks jurisdiction to review the Pinal County
3  Superior Court's judgments and orders."
4      And the third basis for not revisiting, I ruled the
5  Debtor's collateral attack on the Parsons judgment.  And for
6  that matter, on the Walker judgment as well, as the Movant's
7  pretrial conduct, at least in the Parsons case, the Defendant
8  objected to considerations of certain issues at trial.  The
9  Defendants had notice.  They actually provided notice they
10 didn't intend to appear at the state court trial.  They were as
11 good as their word.
12     The State Court determined not to continue the
13 file -- the trial.  And since the Defendants didn't appear, a
14 unilateral joint pretrial statement was filed and the trial was
15 conducted with the Defendants not in attendance.  And that
16 resulted in a judgment being entered against the defendants,
17 including a Mr. Lipin.
18     I continue in my earlier ruling,
19     "It seems this collateral attack on the
20     judgment comes too late.  The Defendants
21     chose not to defend at trial.  After losing,
22     they filed a Civil Rule 60(c)(4) motion.
23     They lost that, they appealed, they dismissed
24     their appeal.  The Defendants took a second
25     route to avoid the judgments by going through

     the district court and that was also
     unsuccessful.  So the Debtor has had ample
     opportunity to collaterally and directly
     attack the judgments."

And I concluded in my ruling,

    "This Court will reject the collateral attack
    and simply look at the judgments and determine
    if they form a basis for nondischargeability in
    bankruptcy.  For these reasons, the Debtor's
    claim objection based on the same arguments is
    overruled."

I've been reading from my prior ruling from the transcripted pages 3 to 9.

  Of course, what we have here today is not a discussion in an adversary proceeding of nondischargeability, but rather the Debtor's attack on these judgments.  But these claims objections originally premised by attacking the judgments themselves have been entirely resolved and the only issue that may be remaining is the Deter's contention that he was not a named party in the Pinal County litigation.  He notes that the Court found, quote, "AWD Ranch, LLC, and Desert Plants Conservancy, LLC, caused Parsons damages," unquote.  And <u>see</u> the judgment attached to the Parsons proof of claim.

  However, the State Court found that Mr. Lipin and others were jointly and severally liable in the amount of some

1  $265,475 in fees awarded to the Parsons. And, accordingly,
2  when the Debtor filed a motion to alter the Court's judgment,
3  noting that he was not personally assessed, at least the
4  $190,800 portion of the claim that that motion is -- was at
5  docket 235.
6         This is what the Parsons had to say in response to
7  that claim objection in part:
8         "There is no dispute the judgment specified
9         the $190,800 portion of Parsons claim was a
10        judgment against Lipin's Entity Ranch, not
11        against him personally."
12 Parsons filed his claim against Lipin upon information and
13 belief that in the assets and debts of the company were
14 distributed to Lipin when Ranch ceased its business.
15        Evidence in adversary proceeding 11-2300 will show
16 the creditor continued. Lipin collaborated with creditor AWD
17 Farms, LLC to Pierce Ranch's corporate veil. Parsons only
18 seeks equal treatment of its dischargeable claim. If an
19 investor in the Debtor's business, such as AWD Farms, LLC, not
20 only can elevate its claim from an equity claim to a general
21 unsecured claim, but also pierce the corporate veil to allow
22 for a personal claim against Lipin, then at a minimum, Lipin
23 should be charged with administering the estate in an equitable
24 manner to -- as to all claimants.
25        And, frankly, I took the papers filed in the

1  cross-motion as a summary judgment on this $190,000 claim
2  component as well.  But I've been assured by counsel that this
3  is not the case and that's a good thing.  Because I would not
4  grant the cross-motion for summary judgment as to the $190,800
5  portion of the judgment.
6  But the way things stand today, I think the remainder
7  of that claim is well supported by the judgment.  And if it's
8  anything we've learned in this extended litigation it's that I
9  am not going to revisit any judgments.  So in part I'm going to
10 grant the Parsons' cross-motion for summary judgment as to the
11 legitimacy of its claim, but not as to the $190,800 portion as
12 well.
13 You know, I think a similar result occurs as to the
14 estate of Walker as well.  Yes, claims -- even claims
15 established by valid judgments are subject to a setoff.  Yes,
16 creditors are not to be paid twice for the exact same claim.
17 We know all these things.  But that's really all I know about
18 the facts argued by the Debtor in these summary judgment
19 motions.
20 If I had to summarize my ruling, I'm obviously going
21 to deny both summary judgments to the Debtor.  If I had to
22 summarize my ruling, I would say this.  Suspicions and
23 speculations are an insubstantial basis on which too formally
24 object to a bankruptcy claim, or for that matter even to argue
25 that a shifting of the burden of proof with regard to the

property filed with that proof of claim has been filed. And this is applicable to both of these creditors claims.

Now, this Debtor had and has the tools, such as bankruptcy rule 2004, to investigate any possible setoffs to the proof of claim. And -- but that's what should occur first and those facts should be adduced and the setoff liquidated before we file motions for summary judgment on legal theories.

So I -- the best I can agree with Mr. Lipin is he's exactly correct, creditors can't have a wind-fall, they can't be paid twice. But really, that's where I find myself -- that's the -- basically, the extent of my agreement with Mr. Lipin, at least on these two motions. So that's why I'm denying both motions for summary judgment on this matter.

So the summary judgments are resolved, the objections to claims 12 and 13 are resolved. However, I think a motion has been filed and we've got a hearing pending, do I recall, in March, gentlemen, on the Debtor's motion there?

MR. STROHM: Yes, sir, March 15th.

THE COURT: All right. Let's have the courtroom deputy remind all of us of that date and time. We think it's March 15th.

THE CLERK: It is March 15th, but that date will be rescheduled because the Court's not available that day.

THE COURT: Okay. I'm -- apparently I'm -- oh, that's right. I'm fleeing the jurisdiction. So the gentlemen

```
 1  are going to hear from me with an amended order that resets
 2  that hearing.  And my apologies for that.
 3           So that completes these matters on April -- decides
 4  this March hearing, which isn't going to happen.  We also have
 5  a date on March 2nd at 9:30 for another Chapter 11 status
 6  hearing and a stating hearing and adversary 11-2300.  And I
 7  suggest, Gentlemen, we have exhausted each other, so I think we
 8  should adjourn.
 9           Good afternoon.
10           MR. STROHM:  Thank you, Your Honor.
11           MR. KEATING:  Thank you, Your Honor.
12      (Proceedings Concluded)
```

17     I certify that the foregoing is a correct transcript from
18  the record of proceedings in the above-entitled matter.

20  Dated: February 14, 2013                _____
                                            AVTranz, Inc.
21                                          845 North 3rd Avenue
                                            Phoenix, AZ  85013

AVTranz
www.avtranz.com · (800) 257-0885

Case 2:11-ap-02300-GBN   Doc 64   Filed 02/14/13   Entered 02/20/13 10:03:09   Desc
Main Document    Page 14 of 14